# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| JUDGE | Janet S. Baer | Case No. | 13 B 38958 |
|---|---|---|---|
| DATE | July 31, 2019 | Adversary No. | 13 A 01334 |
| CASE TITLE | Richard P. Caro and Svetlana V. Caro v. Dennis F. Martinek and Robert L. Hebel, Jr., (In re Richard P. Caro and Svetlana V. Caro) | | |
| TITLE OF ORDER | Order Denying the Debtors' Request for Attorney's Fees and Finding Moot the Debtors' Request for Disallowance of Claim (ECF No. 14) | | |

## DOCKET ENTRY TEXT

The Court finds in favor of the Defendants and against the Debtors as to the Debtors' request for payment of attorney's fees. The Court further finds that Martinek's proof of claim for unpaid rent was discharged in the Debtors' chapter 7 bankruptcy case, and thus the Debtors' request for disallowance of that claim is moot.
[For further details see text below.]

## STATEMENT

This matter is before the Court on the amended adversary complaint filed on February 18, 2014 by Richard P. Caro ("Caro") and his wife Svetlana V. Caro (together, the "Debtors") against Dennis F. Martinek and Robert L. Hebel, Jr. (together, the "Defendants"). At the time, Caro was an attorney who had been licensed to practice law in New York, and the Debtors were leasing an apartment in Riverside, Illinois from Martinek. In their complaint, the Debtors seek disallowance of Martinek's proof of claim for unpaid rent filed on October 24, 2013 and affirmative relief for the payment of attorney's fees allegedly owing for certain legal work performed by Caro for both Defendants.

The relevant facts are few and undisputed. On October 3, 2013, the Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code. Subsequently, they initiated the instant adversary proceeding. Numerous motions and other pleadings were filed in both the underlying bankruptcy case and the adversary proceeding, including the Debtors' motion for summary judgment on all counts of the complaint. The Court ultimately denied that motion and set the matter for trial.

Delayed several times as the Defendants attempted to retain counsel and Martinek filed his own chapter 13 case, which was eventually dismissed, the trial was held on December 18, 2014. Caro represented himself (and his wife) *pro se*, and the Defendants were represented by counsel. Caro, Martinek, and Hebel all testified on their own behalf, and various exhibits were admitted into evidence. At the conclusion of the hearing, the matter was taken under advisement. Shortly thereafter, on February 5, 2015, the Debtors voluntarily converted their chapter 13 case to a case under chapter 7. About three months later, on May 12, 2015, a discharge order was entered for both Debtors, and their bankruptcy case was closed on May 30, 2018.

1

In reviewing both the bankruptcy docket and the evidence submitted in the adversary proceeding, the Court suspected that Caro may have engaged in the unauthorized practice of law by handling legal matters in Illinois for the Defendants. To comply with her duty to report professional misconduct in violation of Rule 8.4 of the Illinois Rules of Professional Conduct, the undersigned reported her concern to the Illinois Attorney Registration and Disciplinary Commission (the "ARDC") in January 2015. Thereafter, the ARDC launched an investigation, holding extensive hearings and other proceedings in connection with Caro's conduct.

On November 29, 2018, the Review Board of the ARDC issued its Report and Recommendation, affirming the Hearing Board's findings of misconduct. *In re Caro*, 2018 WL 6431982, at *10, Ill. Disp. Op. 2016PR00078 (Ill. Att'y Reg. & Disp. Comm'n, Nov. 29, 2018). Specifically, the Review Board affirmed, among other things, that Caro has never been licensed to practice law in Illinois and that, therefore, his alleged performance of legal work for which he seeks payment from the Defendants in the adversary proceeding constitutes misconduct in violation of the Illinois Rules of Professional Conduct. *Id.* at *3-5. Based on these findings and others, the Review Board recommended that Caro be disbarred from the practice of law in Illinois. *Id.* at *10. On May 21, 2019, the Supreme Court of Illinois denied Caro's petition for leave to file exceptions to the Review Board's Report and Recommendation and entered an order disbarring him. *In re Caro*, M.R. 29710 (May 21, 2019).

Turning to the adversary proceeding at bar, the Debtors first request payment of attorney's fees for certain legal work that Caro performed for the Defendants from September 2010 through June 2012. The services for which Caro seeks to be paid are among those that form the basis of the ARDC's investigation, the Hearing Board's determination that Caro engaged in the unauthorized practice of law in Illinois, and the Review Board's affirmance of the Hearing Board's findings of misconduct. As a result, the Court denies the Debtors' request for payment of those attorney's fees.

As for Martinek's proof of claim for unpaid rent, the Court need not decide whether any or all of that claim should be disallowed. The Debtors received their discharge in the chapter 7 bankruptcy case in May 2015, the chapter 7 trustee issued a Report of No Distribution in May 2018, and the case was subsequently closed. Because the Debtors received a chapter 7 discharge, Martinek's unsecured, pre-petition rent claim was discharged.

Based on the foregoing, the instant adversary proceeding is concluded in its entirety and will be closed by this order.

DATED: **July 31, 2019**           ENTERED:

                                   _____
                                   Janet S. Baer
                                   United States Bankruptcy Judge

2